**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GENESIS SHILLINGFORD,** )<br>)<br>    **Plaintiff,** )<br>)<br>    **v.** )<br>)<br>)<br>**BLAZING WINGS, INC d/b/a BUFFALO** )<br>**WILD WINGS GO.** )<br>)<br>    **Defendant.** ) | **Case: 1:26-cv-00822**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Genesis Shillingford ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Blazing Wings, Inc d/b/a Buffalo Wild Wings Go ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII and the IHRA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, and VI through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction have been satisfied.

6.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9.     At all times relevant to the allegations of this Complaint, Plaintiff, Genesis Shillingford, was a natural person, over 18-years-of-age, who resided in Cook County, Illinois.

10.     At all times relevant to the allegations of this Complaint, Defendant, Blazing Wings, Inc. d/b/a Buffalo Wild Wings Go whose address is 6714 S Stony Island Ave, was a corporation specializing in the food, service, and restaurant industry and was doing business in and for Cook County, Illinois.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b), and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13.     Plaintiff worked for Defendant as a Cashier from on or about August 21, 2025, until Plaintiff's unlawful termination on or about September 5, 2025.

2

14.     Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

15.     Plaintiff is female and is a member of a protected class because of her sex (female).

16.     Since at least Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII, 42 U.S.C. § 2000e *et seq*.

17.     On or about September 2, 2025, Plaintiff contacted the restaurant to confirm her schedule and spoke with her manager, Davon.

18.     During that conversation, Davon made inappropriate comments about Plaintiff's appearance and asked about her age, comments unrelated to her job duties and of a sexual nature.

19.     Davon later texted Plaintiff stating she was scheduled to work that same day. Plaintiff requested to work the following day due to prior family commitments.

20.     On or about September 3, 2025, Plaintiff missed a scheduled shift due to a doctor's appointment. During a subsequent conversation, Davon asked Plaintiff an inappropriate and sexually suggestive question, which made Plaintiff feel uncomfortable and embarrassed.

21.     On or about September 5, 2025, Davon offered Plaintiff a transfer to another Buffalo Wild Wings Go location, allegedly due to slow business.

22.     After Plaintiff accepted the transfer, Davon texted Plaintiff stating that she would need to "f*** with him" in order to receive the transfer.

23.     Plaintiff did not respond to this message. The comment was explicitly sexual, unwelcome, and made Plaintiff feel unsafe and objectified.

24.     Plaintiff attempted multiple times to contact other managers to report Davon's conduct; however, Davon frequently answered the phone, preventing her from doing so.

25. On or about September 19, 2025, Plaintiff reached another manager, Stephanie, and disclosed the sexual harassment. Stephanie advised Plaintiff to contact HR or upper management and seek legal counsel.

26. On or about September 20, 2025, Plaintiff contacted District Manager Nathan, formally reporting the sexual harassment and unpaid wages.

27. Nathan acknowledged that Davon's conduct was highly inappropriate and stated there would be consequences.

28. Nathan also confirmed Plaintiff was owed approximately $80 in unpaid wages, requested documentation, and Plaintiff promptly provided the requested information.

29. As of the filing of this Complaint, Plaintiff has not been paid her earned wages

30. Defendant failed to take prompt or effective remedial action to stop the harassment or protect Plaintiff.

31. Due to Davon's position of authority, repeated sexual comments, and Defendant's failure to ensure a harassment-free workplace, Plaintiff reasonably felt unsafe returning to work.

32. Plaintiff was constructively discharged on or about September 5, 2025.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

33. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

35. Plaintiff is a member of a protected class under Title VII, 42 U.S.C. § 2000e *et seq*., due to Plaintiff's sex, female.

4

36. Plaintiff met or exceeded performance expectations.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

39. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

40. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT II</u>**
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Sex-Based Discrimination)**

41. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act (775 ILCS 5/).

43. Plaintiff is a member of a protected class under the IHRA (775 ILCS 5/), due to Plaintiff's sex, female.

44. Plaintiff met or exceeded performance expectations.

45. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (female employees).

46. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex, female.

47. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

49.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

50.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51.     Plaintiff is a member of a protected class under Title VI, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, female.

52.     Defendant knew or should have known of the harassment.

53.     The sex-based harassment was severe or pervasive.

54.     The sex-based harassment was offensive subjectively and objectively.

55.     The sex-based harassment was unwelcomed.

56.     Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

57.     As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Sex-Based Harassment)

58.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

59.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of the Illinois

Human Rights Act (775 ILCS 5/).

60. Plaintiff is a member of a protected class under the IHRA (775 ILCS 5/) due to her sex, female.

61. Defendant knew or should have known of the harassment.

62. The sex-based harassment was severe or pervasive.

63. The sex-based harassment was offensive subjectively and objectively.

64. The sex-based harassment was unwelcomed.

65. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

66. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## <u>COUNT V</u>
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

67. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. Plaintiff is a member of a protected class under Title VI, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, female.

70. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

71. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII, 42 U.S.C. § 2000e, *et seq*.

72.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

73.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

74.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

75.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII, 42 U.S.C. § 2000e *et seq.*

76.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### <u>COUNT VI</u>
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

77.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

78.     By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff based on Plaintiff's reporting of sex-based discrimination and harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

79.     Plaintiff is a member of a protected class under the IHRA (775 ILCS 5/), due to Plaintiff's sex, female.

80.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

81.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the IHRA (775 ILCS 5/).

82. In response to Plaintiff's complaints, Defendant failed numerous times to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

83. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

84. Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

85. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA (775 ILCS 5/).

86. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: January 24, 2026.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
Fax: (630) 575 - 8188
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Attorneys for Plaintiff*

10